**QING LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–73420.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

March 6, 2012.

Eric Y. Zheng, New York, NY, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Kohsei Ugumori, James Arthur Hunolt, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Qing Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies regarding the nature of Lin's claim and the circumstances of his wife's IUD insertion. *See id.* at 1045–48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of circumstances"); *Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir.2007) (per curiam) (inconsistencies between testimony and documentary evidence regarding nature of attack and injuries suffered supported an adverse credibility finding). Lin's explanations do not compel a contrary conclusion. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir.2007). In the absence of credible testimony, Lin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Lin's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not that he will be tortured if returned to China, his CAT claim also fails. *See id.* at 1156–57.

Finally, we lack jurisdiction to review Lin's claim that the IJ violated his due process rights by refusing to rule on his counsel's objection because Lin did not exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.